**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 16-97-DLB**

**ARGLE KENDRICK**                                                                                          **PLAINTIFF**

**v.**                                                    **MEMORANDUM ORDER**

**COMMISSIONER OF SSA**                                                                                **DEFENDANT**

* *   * *   * *   * *   * *   * *   * *   * *

This matter is before the Court on Plaintiff's Motion for Attorney's Fees in this Social Security benefits case. (Doc. # 47). The Motion has been fully briefed, (Docs. # 48 and 49[1]), and is now ripe for the Court's review. For the reasons set forth herein, Plaintiff's Motion is **denied**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 12, 2019, this Court remanded the instant Social Security case under 42 U.S.C. § 405(g) sentence four to the Commissioner for a final benefits determination. (Doc. # 43). The Memorandum Opinion and Order held that remand was required based on the Sixth Circuit's ruling in *Hicks v. Commissioner of Social Security*, 909 F.3d 786, 794 (6th Cir. 2018) that the Social Security Administration (SSA) had violated the Due Process Clause of the Constitution by not giving the relevant plaintiffs an opportunity to show their medical records were not tainted by the fraudulent conduct of their previous attorney, Eric C. Conn. (*Id*. at 4). Under § 405(g) the only avenues for remand are

---

[1] Plaintiff's reply was filed nearly one month beyond the deadline established by Local Rule 7.1(c). Nevertheless, finding no prejudice to the Defendant, the Court will consider the arguments raised in Plaintiff's Reply. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

1

sentence four and sentence six. (*Id.* at 5). Sentence four provides for remand when the Court is making a substantive ruling on the SSA's benefits determination, while sentence six provides an option to remand without determining the accuracy of the administrative decision. (*Id*. at 6). Because the Sixth Circuit had found issue with the SSA's administrative decision, the Court found sentence four remand was proper because it was based upon an error made by the SSA in denying benefits. (*Id.*) Further, the Court required the plaintiffs' benefits to be reinstated, though it expressly noted the Order was not a determination that the plaintiffs would be entitled to benefits pending the SSA's final benefits decision. (*Id*. at 13-14).

Following the Memorandum Opinion and Order, counsel for the Plaintiff, Wolodymyr Cybriwsky, filed a Motion for Attorney's Fees on December 23, 2019 (Doc. # 47), which is presently before the Court. The SSA filed a response (Doc. # 48) opposing Cybriwsky's motion on January 16, 2020. Cybriwsky filed a reply brief (Doc. # 49) on February 28, 2020, which was untimely. The SSA has not filed the result of any further administrative proceedings determining whether Plaintiff was entitled to Social Security benefits on remand.

II.     **ANALYSIS**

     **A.     Final and Favorable Order**

The issue is whether the Court's order remanding Plaintiff's case, pursuant to sentence four of 42 U.S.C. § 405(g), constitutes a final and favorable order triggering the availability of attorney's fees under the Social Security Act. Attorney's fees are available under § 406(b) "[w]henever a court renders a judgment favorable to a claimant under [the Social Security Act]." Local Rule 83.11 requires a "final, favorable decision," to prompt

2

counsel's ability to request attorney's fees. LR 83.11(d). Courts have found that an order remanding a case under sentence four constitutes a final and appealable order. *Jackson v. Chater*, 99 F.2d 1086, 1095 (11th Cir. 1996) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990); *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)). However, district courts in the Sixth Circuit have decided that a final decision is not favorable until the Commissioner or Administrative Law Judge (ALJ) rules on the underlying merits of the plaintiff's Social Security benefits. *See Robertson v. Astrue*, No. 1:07CV-00064-JHM, 2011 WL 4737603, at *3 (W.D. Ky. Oct. 6, 2011); *Proctor v. Comm'r of Soc. Sec.*, No. 1:09-cv-127, 2013 WL 308730, at *3 (S.D. Oh. Jan. 25, 2013).

### 1. *Final Order*

Sentence four of § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Here, this Court remanded Plaintiff's case under sentence four based on the Sixth Circuit's finding that the Commissioner's redetermination hearing decisions violated the Due Process Clause of the Constitution. (Doc. # 43 at 7-8). This finding was appropriate because sentence four provides for remand when the Court is making a substantive ruling on the SSA's previous decision, which is applicable in the current case. (*Id*. at 6). Sentence four explicitly allows for the Court to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing.*" 42 U.S.C. § 405(g) (emphasis added). Sentence four, therefore, gives the Court discretion to enter a final and appealable judgment, "even though that judgment may be accompanied by a remand order." *Sullivan*

*v. Finkelstein*, 496 U.S. 617, 629 (1990). The Sixth Circuit has discussed the distinctions between a sentence four and sentence six remand and clarified that a sentence four remand involves "a remand after a *final decision* of the district court reversing the denial of benefits by the Secretary." *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). Thus, while the Court remanded Plaintiff's case to the SSA for further proceedings on the determination of benefits, that Order constitutes a final order. *Newsom v. Comm'r of Soc. Sec.*, 2000 WL 875726, at *14 (6th Cir. June 20, 2000) (unpublished table decision).

### 2. *Favorable Decision*

Nevertheless, a remand order pursuant to sentence four is not considered a *favorable* decision for purposes of attorney's fees under § 406(b) or LR 83.11(d). *Robertson*, 2011 WL 4737603, at *3. Instead, a favorable decision occurs when there is a "determination of disability." *Id*. Following remand by the district court, the plaintiff's attorney must wait until the adjudication of the plaintiff's benefits by an ALJ and the appeal thereafter to the Commissioner. *Id*. Here, Cybriwsky's client's benefits determination has not yet been made by an ALJ or the Commissioner. Therefore, he must wait to file his Motion for Attorney's Fees until after his client is actually entitled to past-due benefits. Currently, Cybriwsky's client has been notified of a calculation of his past-due benefits, but the notification clearly states that if the SSA decides he is not disabled, he will have to pay back the benefits awarded following remand. (Doc. # 48-2 at 2). Further, other circuits have held that § 406(b) permits attorney's fees "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past due benefits." *Bergen v. Comm'r of*

4

*Soc. Sec.*, 454 F.3d 1273, at 1277 (11th Cir. 2006); see *also Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986). This outcome is further supported by the SSA's Program Operations Manual System (POMS). POMS GN 03920.060, *accessible at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920060. The POMS provides that a court order remanding the case for future administrative proceedings "depends on the outcome of those administrative proceedings" and will be considered favorable if the remand "result[s] in a favorable administrative decision." *Id*.

Additionally, § 406(b) allows reasonable attorney's fees to be collected "not in excess of 25 percent of the total of the *past-due benefits* to which the claimant is *entitled* by reason of such judgment." (emphasis added). The Sixth Circuit has determined that past-due benefits include interim benefits pending appeal under 42 U.S.C. § 423(g)(1) when the plaintiff eventually obtains a favorable determination of disability. *Akers v. Sec. of Health and Human Servs.*, 966 F.2d 205, 206 (6th Cir. 1992). Here, Plaintiff's benefits were reinstated pending further administrative proceedings by the SSA (Doc. # 43 at 14). Thus, Plaintiff's reinstated benefits are sufficiently analogous to interim benefits under the Sixth Circuit's interpretation and can be considered in awarding attorney's fees under § 406(b). *Akers*, 966 F.2d at 206. However, as discussed above, if a plaintiff receives reinstated benefits, and the final decision by the SSA affirms the original denial of benefits, plaintiff would be responsible to repay any benefits paid. 42 U.S.C. § 423(g)(2)(B). A plaintiff is not considered to be "entitled" to these past-due benefits under the meaning of § 406(b) "absent a final favorable decision." 966 F.2d at 206. Because Plaintiff has not yet received a final favorable decision from the SSA affirming that he is entitled to past-

due benefits, it is inappropriate to award attorney's fees under § 406(b) at the current juncture.

Cybriwsky has further failed to cite a case where attorney's fees were awarded under § 406(b) prior to the agency issuing a favorable decision on remand. (Doc. # 49 at 1). Instead, in his untimely reply he cites two cases that awarded attorney's fees on remand under the Equal Access to Justice Act (EAJA). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721 (6th Cir. 2012); *Murkledove v. Astrue*, 635 F.3d 784 (5th Cir. 2011). The EAJA contains language materially different from that in § 406(b); the EAJA allows for attorney's fees to be awarded to "a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The EAJA, unlike § 406(b), does not award attorney's fees out of the plaintiff's past-due benefits, and therefore does not have the "entitled" language that limits the application of § 406(b) in the current case.

Thus, although the Order remanding the case back to the Commissioner under sentence four (Doc. # 43) constitutes a final order, Plaintiff has not yet received a final and *favorable* decision for the purposes of attorney's fees under § 406(b). If a favorable decision entitling Plaintiff to benefits is made by the Social Security Administration, Cybriwsky will then be able to seek attorney's fees by filing within the prescribed 30-day period under LR 83.11(d).

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. # 47) is **DENIED**.

This 21st day of September, 2020.



M:\DATA\ORDERS\PikeCivil\2016\16-97 MOO Motion for SSA Attorney's Fees.docx